IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

ELEAZAR ONTIVEROS and
IRENE MEJIA,

    Plaintiffs,

v.

KATE'S PLACE, INC. and
KATE SINGER LEONARD,

    Defendants.

---

## COMPLAINT FOR UNPAID WAGES

---

Plaintiffs, by and through undersigned counsel, file this Complaint for Unpaid Wages against the above-named Defendants.

### STATEMENT OF THE CASE

1. Plaintiffs were employed by Defendants to work long hours for low wages in the kitchen of Defendants' restaurant in Ridgway, Colorado.

2. Defendants refused to pay these employees overtime premiums for overtime hours worked.

3. Defendants thus violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* because that Act requires employers to pay their employees one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty each workweek.

4. Defendants also violated the Colorado Minimum Wages of Workers Act, Colo. Rev. Stat. § 8-6-101 *et seq.*, as implemented by the Colorado Minimum Wages Order ("MWO"), 7 C.C.R. 1103-1, and the Colorado Overtime and Minimum Pay Standards Order ("COMPS"), 7

C.C.R. 1103-1 (2020), because the MWO and COMPS require employers to pay their employees for all hours worked and one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty each workweek.

5. Defendants also violated the Colorado Wage Claim Act ("CWCA"), Colo. Rev. Stat. § 8-4-101 *et seq.*, which requires employers to pay their employees all earned, vested and determinable wages upon the termination of the employment relationship.

6. Plaintiff seeks actual and liquidated damages, as well as statutory penalties and attorney fees and costs resulting from Defendants' violation of wage and hour law.

## PARTIES, JURISDICTION, AND VENUE

7. Plaintiff Eleazar Ontiveros was employed by Defendants from approximately 2007 through approximately October, 2020.

8. Plaintiff Irene Mejia was employed by Defendants from approximately 2013 through approximately October, 2020.

9. Defendant Kate's Place, Inc. is a registered Colorado corporation with a principal street address of 615 West Clinton St., Ridgway, Colorado 81432.

10. Defendant Kate Singer Leonard is an owner and manager of Kate's Place, Inc.

11. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this case arising under the laws of the United States. This action arises under the FLSA, 29 U.S.C. §§ 201 *et seq.*

12. Plaintiffs request that this Court exercise supplemental jurisdiction over their claims arising under the MWO, the COMPS and the CWCA. 28 U.S.C. § 1367.

13. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because all the events and omissions giving rise to the claims occurred in the District of Colorado.

**FACTUAL ALLEGATIONS**

14. Plaintiffs were kitchen workers at Defendants' "Kate's Place" restaurant in Ridgway, Colorado.

15. Though Plaintiffs regularly worked more than 40 hours each workweek, Defendants refused to pay them overtime wages for overtime hours worked.

16. For example, during the pay period running from March 11, 2019 through March 25, 2019, Plaintiff Ontiveros worked 110.45 hours for Defendants and was paid for all such hours at this regular rate of pay with no overtime premium payments. Similarly, during the pay period running from April 26, 2019 through May 10, 2019, Plaintiff Ontiveros worked 117.3 hours for Defendants and was paid for all such hours at his regular rate of pay with no overtime premium payments.

17. Plaintiff Mejia was also denied overtime wage payments for overtime hours worked. For example, Plaintiff Mejia worked 111.3 hours during the pay period from August 26, 2018 through September 10, 2018 and 97.15 hours during the pay period from August 26, 2019 through September 10, 2019. Defendants paid Plaintiff Mejia for all such hours at her regular rate of pay with no overtime premium payments.

18. In addition, Defendants refused to pay Plaintiff Ontiveros any wages at all for the last 1.5 weeks of his employment.

19. Each year relevant to this action, Plaintiff handled foodstuffs, cleaning materials, restaurant equipment, plates, silverware and other materials which moved in interstate commerce.

20. Defendants enjoyed more than $500,000.00 in gross receipts each year relevant to this action.

21.     Defendant Kate Singer Leonard, at all material times, exercised operational and financial control over Kate's Place, Inc. and exercised control over Kate's Place, Inc.'s employees' terms and conditions of employment. For example, Defendant Leonard hired and fired her employees, made all important financial decisions regarding the enterprise, controlled his employees' rates of pay, and made the decision to avoid paying her employees overtime rates for the overtime hours they worked.

22. Plaintiffs hereby demand payment in an amount equal to all earned but unpaid wages due plus an equal amount in liquidated damages. Such payment should be made in care of undersigned counsel at the listed address.

## FIRST CLAIM – Failure to Pay Overtime Premiums
## Violation of the FLSA (29 U.S.C. § 201 *et seq.*)

23.     Plaintiffs repeat and reallege each of the allegations above as if fully set forth herein.

24.     Plaintiffs were "employees" as that term is defined by the FLSA.  29 U.S.C. § 203(e).

25.     Defendants "employed" the Plaintiffs as that term is defined by the FLSA.  29 U.S.C. § 203(g).

26.     Defendants were Plaintiffs' and "employers" as that term is defined by the FLSA.  29 U.S.C. § 203(d).

27.     Defendants violated the FLSA when they refused to pay Plaintiffs overtime premiums for hours worked beyond forty in each given workweek.  29 U.S.C. § 207.

28.     Defendants' violations of the FLSA were willful. 29 U.S.C. § 255(a).

29.     Plaintiffs have suffered lost wages and lost use of those wages in an amount to be determined at trial.

30.     Plaintiffs are entitled to recover unpaid overtime premiums liquidated damages, attorney fees and costs.  29 U.S.C. § 216(b).

4

**SECOND CLAIM – Failure to Pay Overtime Premiums**
**Violation of the MWO and the COMPS, 7 C.C.R. 1103-1; 7 C.C.R. 1103-1 (2020)**

31. Plaintiffs repeat and reallege each of the allegations above as if fully set forth herein.

32. Defendants were Plaintiffs' "employers" as that term is defined by the MWO and the COMPS because they employed Plaintiffs in Colorado. 7 C.C.R. 1103-1(2); 7 C.C.R. 1103-1(2020) (1.6).

33. Plaintiffs were Defendants' "employees" as that term is defined by the MWO and the COMPS because they performed labor for the benefit of Defendants in which Defendants commanded when, where, and how much labor they would perform. 7 C.C.R. 1103-1(2); 7 C.C.R. 1103-1(2020)(1.5).

34. Defendants engage in a Food and Beverage enterprise that prepares and offers for sale, food and beverages for consumption either on or off the premises and is thus covered by the MWO. 7 C.C.R. 1103-1(2)(C).

35. Defendants violated the MWO and the COMPS when they refused to pay Plaintiffs overtime wages for all hours worked beyond forty each workweek.

36. Plaintiffs suffered lost wages and lost use of those wages in an amount to be determined at trial.

37. Plaintiffs are entitled to recover unpaid wages, attorney fees and costs of the suit. Colo. Rev. Stat. § 8-6-118; 7 C.C.R. 1103-1(18); 7 C.C.R. 1103-1(2020)(8.1)(A).

**THIRD CLAIM – Failure to Pay all Earned, Vested, and Determinable Wages**
**Violation of the CWCA (Colo. Rev. Stat. § 8-4-101, *et seq.*)**

38. Plaintiffs repeat and reallege each of the above allegations as if fully set forth herein.

39. Defendants were Plaintiffs' "employer" as that term is defined by the CWCA because they employed Plaintiffs in Colorado. Colo. Rev. Stat. § 8-4-101(6).

40. Plaintiffs were Defendants' "employees" as that term is defined by the CWCA because they performed labor for the benefit of Defendants. Colo. Rev. Stat. § 8-4-101(5).

41. Defendants violated the CWCA, when they failed to pay Plaintiffs all earned, vested and determinable wages upon termination of employment. Colo. Rev. Stat. § 8-4-109.

42. As a result, Plaintiffs suffered lost wages and lost use of those wages in an amount to be determined at trial.

43. Plaintiff and others are entitled to recover in a civil action all earned and vested wages owed to them, statutory penalties and attorney fees and costs of suit. Colo. Rev. Stat. § 8-4-109; Colo. Rev. Stat. § 8-4-110.

**WHEREFORE**, Plaintiffs pray, as to their FIRST CLAIM, brought pursuant to the FLSA, that:

    a. They be awarded unpaid overtime premiums;

    b. They be awarded liquidated damages as required by law;

    c. They be awarded pre-judgment and post-judgment interest as permitted by law;

    d. They be awarded costs and attorney fees; and

    e. They be awarded such other and further relief as may be necessary and appropriate.

And, as to their SECOND CLAIM, brought pursuant to the MWO and COMPS, that:

    a. They be awarded the wages they are due, together with attorney fees and costs of suit.

    b. They be awarded such other and further relief as may be necessary and appropriate.

And, as to their THIRD CLAIM, brought pursuant to the CWCA, that:

    a. They be awarded the wages earned, vested and determinable wages they are due;

    b. They be awarded statutory penalties;

    c. They be awarded attorney fees and costs of suit;

    d. They be awarded such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*s/ Brandt Milstein*
MILSTEIN LAW OFFICE
2400 Broadway, Suite B
Boulder, CO 80304
303.440.8780
brandt@milsteinlawoffice.com

*Attorney for Plaintiffs*