# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-00004-DDD-GPG

ELEAZAR ONTIVEROS and
IRENE MEJIA,

    Plaintiffs,

v.

KATE'S PLACE, INC. and
KATE SINGER LEONARD,

    Defendants.

## JOINT STIPULATION OF DISMISSAL WITH PREJUDICE
## PURSUANT TO RULE 41(a)(1)(A)(ii)

Plaintiffs Eleazar Ontiveros and Irene Mejia ("Plaintiffs") and Defendants Kate's Place, Inc. and Kate Leonard Singer ("Defendants") (collectively referred to as the "Parties"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) hereby file this Stipulation for Dismissal with Prejudice and state as follows.

1. On January 4, 2021, Plaintiffs filed their Complaint for Unpaid Wages against Defendants alleging overtime wage violations under Fair Labor Standards Act, Colorado Minimum Wage Act, and Colorado Wage Claim Act. Dkt. 1.

2. The Parties have settled this matter.

3. Plaintiffs will receive 100% of their alleged unpaid overtime wages due under the FLSA plus an equal sum of liquidated damages. In addition, Defendants will pay Plaintiffs'

1

attorney fees and costs, which were negotiated separately and without regard to the amounts owed to Plaintiff. Thus, the settlement represents an uncompromised FLSA wage claim.

4. Judicial approval of an uncompromised FLSA wage claim is not required because the "FLSA only contemplates reviewing settlement agreements that result in the 'compromise' of an employee's claim." *See, e.g., Tran v. New Generation Fusion Rest. Grp., LLC*, No. 6:14-cv-572-Orl-PGB-DAB (M.D. Fla. Mar. 12, 2015) (Byron, J.) (D.E. 46); *see, also, Bonetti v. Embarq Mgmt., Co.*, 715 F.Supp.2d 1226 at n. 6 (M.D. Fla. 2009) ("[i]f the parties submit a stipulation stating that the plaintiff's claims will be paid in full, without compromise, there is no need for the Court to review the settlement."); *Ruiz v. Act Fast Delivery of Colorado, Inc.,* et. al. Case No. 1:14-cv-870-MSK-NYW (Jan. 9, 2017) (Krieger, C.J.) (Holding that judicial approval is not required in FLSA case because "in modern jurisprudence, only a narrow range of settlements require court approval"); *Su v. Electronic Arts, Inc.,* 2006 WL 4792780 at *2 (M.D. Fla. 2006) ("[w]here the employer offers the plaintiff full compensation on his FLSA claim no compromise is involved and judicial approval is not required."); *Feagans v. Americana Jax Investments, Inc.,* 2008 WL 782488 at *1 (M.D. Fla. 2008).

5. Accordingly, the Parties hereby stipulate to the dismissal of this action with prejudice.

Dated this 16th day of April, 2021.

Respectfully Submitted,

| **MILSTEIN TURNER, PLLC** | **KARP NEU HANLON, P.C.** |
|---|---|
| Counsel for Plaintiffs | Counsel for Defendants |
| 2400 Broadway, Suite B | 201 14th Street, Suite 200 |
| Boulder, Colorado 80304 | Glenwood Springs, Colorado 81601 |

| | |
|---|---|
| (303) 440-8780 | (970) 945-2261 |
| By: */s/ Brandt Milstein* <br> brandt@milsteinturner.com | By: */s/ Shoshana Rosenthal* <br> sr@mountainlawifirm.com |